(99 App. Div. 31)

### AMERICAN ICE CO. v. CATSKILL CEMENT CO.

(Supreme Court, Appellate Division, Third Department.   November 16, 1904.)

**1. NAVIGABLE WATERS—ICE—INJURIES—INJUNCTION—STATUTES—APPEAL.**

By Laws 1895, p. 882, c. 953, as amended by Laws 1899, p. 486, c. 264, owners of land adjoining the Hudson river were authorized to stake out ice fields to the center of the river opposite their land, and the ice thus staked out was declared to be the personal property of such owners, and any person trespassing thereon was liable for the value of the ice taken. The act also provided that a temporary injunction might issue, restraining parties from trespassing on or taking ice pending the determination of an action therefor. Thereafter Laws 1904, p. 1906, c. 749, was passed, which declared that nothing in the preceding acts should be construed as interfering with the right of any owner or occupant of land adjacent to the river to the unrestricted use of his premises for any lawful purpose. *Held*, that since the passage of the act of 1904, after the issuance of a temporary injunction preventing the operation of a cement factory, by which ice forming in the river was injured, precluded complainant from obtaining ultimate relief, an order continuing the injunction to the hearing would be reversed on appeal.

Appeal from Special Term, Ulster County.

Suit by the American Ice Company against the Catskill Cement Company. From an order continuing a temporary injunction pendente lite (88 N. Y. Supp. 455), defendant appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Osborn & Bloodgood (Frank H. Osborn, of counsel), for appellant.
G. D. B. Hasbrouck, for respondent.

SMITH, J.   The plaintiff is the owner of six icehouses, together with the land upon which they stand, upon the banks of the Hudson river. The defendant is the owner of a cement manufactory, also upon the shore of the Hudson river.   The object of the action is to enjoin the operation of the defendant's cement manufactory during the freezing season until the plaintiff's icehouses have been filled.   This injunction is asked upon the ground that, in the operation of the defendant's plant, coal dust, cinders, and dirt are carried from the plant by the wind upon the ice, thereby rendering it unmerchantable.   A temporary injunction was granted ex parte, and upon motion it was continued during the pendency of the action.   From the order thus continuing the injunction, this appeal has been taken.

The plaintiff's rights are claimed under chapter 953, p. 882, of the Laws of 1895, as amended by chapter 264, p. 486, of the Laws of 1899. The Hudson river is a navigable river, subject to rise and fall with the tides to a point beyond the location in question.   Primarily the right to the ice is in the state.   By these acts the owners of land adjoining the river, upon which were icehouses, and the lessees of such land, might stake out ice fields after the formation of the ice to the center of the river opposite the land which was owned or leased.   The ice thus staked out was declared to be and became the personal property of the owner or lessee of said land, and any person trespassing thereupon or taking the same was made liable to such owner or lessee for the value

of the ice so taken. It was also by the act provided that a temporary injunction might issue, restraining parties from trespassing upon or taking said ice pending the determination of an action to be brought therefor. Under this statute the temporary injunction in the case at bar was issued and continued.

Since the granting of the order here challenged, however, chapter 749, p. 1906, of the Laws of 1904 was passed, which was an amendment of the act of 1895 aforesaid, and to the second section was added this provision:

"Nothing contained in this act, however, shall be construed as in any manner affecting, impairing or interfering with the right of any owner, lessee or occupant of lands bordering upon or adjacent to the Hudson river or Catskill creek to the unrestricted use of the premises owned, used or occupied by him for any lawful purpose."

Assume, for the argument, that the act of 1895, as amended by the act of 1899, gave to the plaintiff such rights of property in the ice as would authorize the granting of an injunction against the defendant. The apparent purpose of the amendment of 1904 was to protect the defendant and others who were using the banks of the river for purposes which in their lawful execution would necessarily throw dirt and cinders upon the ice in the river. The right to judgment in an equity action must depend upon the facts existing at the time of the rendition of that judgment. Under the act as amended in 1904, the plaintiff would not be entitled to the injunction asked. Without the right to a permanent injunction, the right to a temporary injunction no longer exists.

This court must take cognizance of this amendment of the law in determining this appeal. The Code authorizes an ex parte application to the Appellate Division to dissolve an injunction. The law is a public one, of which the court will take judicial notice.

It was suggested upon the argument that under the act of 1895, as amended by the act of 1899, property rights in the ice in question were given to the plaintiff, which could not thereafter be qualified by the Legislature. This suggestion is not discussed upon the respondent's brief. We are of opinion, however, that no property right was by the acts in question so irrevocably given that it could not thereafter be qualified by permitting the unrestricted use of other property upon the banks of the Hudson for a lawful purpose. It is not necessary for us here to decide, nor do we pass upon the question, as to whether plaintiff would be entitled to the injunction had not the act of 1895 been amended by the act of 1904. As the order is reversed by reason of matters arising since the granting thereof, the reversal should be without costs.

Order reversed, without costs, and motion denied. All concur.